## In re PICKARD'S ESTATE.
## Appeal of VALLERY.

No. 2310.   Decided December 30, 1912 (129 Pac. 353).

1. WILLS—ADVANCEMENTS—STATUTORY PROVISIONS.   Comp. Laws 1907, section 2801, in the chapter relating to interpretation of wills, provides that advancements or gifts are not ademptions of general legacies unless such intention is expressed by the testator in writing.   Sections 2841, 2842, in the chapter relating to succession, provide the manner of adjusting advancements upon distribution. Section 2843 provides that all gifts and grants are made as advancements if expressed in the gift or grant to be so made, or if charged in writing by the decedent as an advancement or acknowledged as such by the child or other successor or heir.   The testatrix, who had given or loaned an amount to her son, gave the residue of her estate to her son and daughter equally, except so far as sums had been or should be set off against the interest which either would be entitled to.  *Held*, that it was immaterial whether the chapter on succession applied in case of a will, and whether it was necessary for the testatrix to designate the advancement as such in some writing other than the will itself, since the testatrix, regardless of the statute, had a right to provide that the daughter's share should be greater than that of the son by the amount of the gift or loan.   (Page 110.)

2. WILLS—CONSTRUCTION—EXTRINSIC EVIDENCE.   A will, providing for equal distribution of the estate between a son and daughter, except so far as sums had been or should be set off against the interest which either would be entitled to under the provisions of the will, indicated an intention that some sort of set-off should be made, and because of its ambiguity, and for the purpose of aiding the court in ascertaining the intention of the testatrix, justified parol evidence that the testatrix had borrowed and advanced a sum to the son under an agreement that he should repay it, or, if he failed to do so, that it would be regarded as a part of his interest in the estate.   (Page 100.)

3. WILLS—CONSTRUCTION—EXTRINSIC EVIDENCE.   Where a testatrix provided for an equal distribution between a son and daughter, except so far as sums had been or should be set off against the interest which either would be entitled to under the will, and there was evidence that she had borrowed money and given it to her son under an agreement that he should repay it, or, if not repaid, that it would be a part of his interest in the estate, the evidence showed that the intention of the testatrix was that this amount so given to the son, it not having been repaid, was to be taken out of his share or interest in the division of the estate.   (Page 111.)

4. WILLS—ADVANCEMENTS—ADJUSTMENT. A testatrix provided for an equal division of the estate between a son and daughter, except so far as sums had been or should be set off against their interests. There was testimony that the testatrix borrowed money and gave it to the son under an agreement that he should repay it, or, if not repaid, that it should constitute a part of his interest in the estate. He testified that he received it, not as a gift, but to be repaid, but that there was no agreement that it should be taken out of his share of the estate. *Held*, that it was immaterial whether it was advanced to him as a gift or to be repaid, since in either case an amount equal thereto should be first given to the daughter before an equal division of the residue. (Page 111.)

5. APPEAL AND ERROR—BURDEN OF SHOWING ERROR. On appeal from a final order settling an executrix' account and refusing distribution, where there might have been reasons for refusing the distribution, and the trial court's reason did not appear, the court would not search the record to ascertain whether a distribution should be ordered. (Page 112.)

·APPEAL from District Court, Third District; *Hon. T. D. Lewis*, Judge.

Petition of Martha E. Vallery for the settlement and allowance of her final account as executrix of Eliza Emily Pickard, deceased.

Petitioner appeals from the final order.

REVERSED AND REMANDED IN PART, WITH DIRECTIONS, AND AFFIRMED IN PART.

*Howat & Macmillan* for appellant.

*M. M. Warner* and *Smith & McBroom* for respondent.

STRAUP, J.

The testatrix, Eliza Emily Pickard, by her will executed in May, 1905, so far as here material, bequeathed and devised her property: (1) To the payment of debts and funeral expenses; (2) to her invalid husband, William L. Pickard, Senior, a sum sufficient to support him as long as

he lived and remained single, not to exceed thirty dollars per month; and (3) "all the residue of my property, real, personal and mixed, wherever situate, I give and bequeath and devise to my trustee hereinafter named, or in case of her death or refusal or inability to act, to such person as may be duly appointed in her place as trustee, to have and to hold in trust for the benefit of my said daughter (Martha E. Vallery) and of my son, William L. Pickard, Junior, equally, except so far as sums have been or shall be set off against the interests which either would be entitled to under the provisions of this will, respectively, in case such sums had remained a part of the assets of the estate; the shares of my said daughter and son to be determined as of the date of my decease." Her daughter was by the will appointed the executrix and trustee without bonds, and as such was given power to control, manage, partition, and sell the property in accordance with and subject to the trusts as in the will expressed. A petition was filed by the executrix for settlement and allowance of her final account, and for distribution. The account was allowed. There is no controversy over that. In the petition she alleged that she, W. L. Pickard, Sr., and W. L. Pickard, Jr., were the only heirs and legatees. She further alleged that in August, 1903, before the will was made, the testatrix "advanced out of the funds of her estate, for the use and benefit of W. L. Pickard, Jr., the sum of $2750," $2500 of which she for such purpose had borrowed upon her note secured by mortgage on her realty, and that $250 was paid by her as interest on the loan; and that "it was understood" between Pickard, Jr., and the testatrix that such sum so paid by her to him was paid "out of her estate by way of an advancement;" and it was alleged "that such sum should be so considered at the distribution." She therefore prayed that, in the making of the distribution, there be deducted from or set off against Pickard, Jr.'s, interest in and to "the residue of the property" the sum of $2750. Pickard, Jr., answered, denying the allegations of the petition in such particular. That constituted the triable issue of this litigation.

At the trial the petitioner and Pickard, Sr., in support of the allegations of the petition, and over the objection of Pickard, Jr., testified that the testatrix at Pickard, Jr.'s, request, and for his use and benefit to engage in the automobile business, paid to him the sum of $2500, which she for that purpose had borrowed and secured by mortgage on her realty, upon the understanding that he was to repay it; "that, if he couldn't pay it, it would have to go as a part of his interest in her estate;" that he failed in his adventure, and paid only a part of the interest, and wholly failed to pay any part of the principal; and that the testatrix herself paid the principal and the unpaid interest, amounting in all to the sum of $2750. They further testified that, after the death of the testatrix, Pickard, Jr., admitted to them that he owed that amount to the estate. Pickard, Jr., himself testified that while he received the $2500 from the testatrix at his request, and for his use and benefit, as testified to by his sister and his father, and that he received it under circumstances not of a gift but of repayment, he nevertheless denied that he received it under an agreement or understanding of any kind that it was to be taken out of his share of his mother's estate if he failed to repay it.

The court, at the conclusion of the evidence, over petitioner's objection struck the testimony on the theory that under the statute such an agreement, to be binding, must be evidenced by a writing made at the time of the payment. The evidence not disclosing any such writing, the court thereupon ruled that such money was not paid as an "advancement" or "ademption," and hence should not be set off against or adeemed from the interest which was by the will awarded to Pickard, Jr., construed by the court to be in equal proportion with the petitioner in and to "the residue of the property" mentioned in the will. From such ruling and the final order of the court refusing distribution as prayed, the petitioner, the executrix, has prosecuted this appeal.

The sections of the statute referred to are: Section 2801, C. L. 1907, under the chapter relating to "interpretation.

of wills," that "advancements or gifts are not to be taken as ademptions of general legacies, unless such intention is expressed by the testator in writing;" section 2841, under the chapter relating to "succession," that "any estate, real or personal, given by the decedent in his lifetime as an advancement to any child, or other lineal descendant, is a part of the estate of the decedent for the purposes of division and distribution thereof among his issue, and must be taken by such child or other lineal descendant towards his share of the estate of the decedent;" section 2842, under the same chapter, that, "if the amount of such advancement exceeds the share of the heir receiving the same, he must be excluded from any further portion in the division and distribution of the estate, but he must not be required to refund any part of such advancement, and, if the amount so received' is less than his share, he is entitled to so much more as will give him his full share of the estate of the decedent;" and section 2843, also under the same chapter relating to succession, that, "all gifts and grants are made as advancements, if expressed in the gift or grant to be so made, or if charged in writing by the decedent as an advancement, or acknowledged in writing as such by the child, or other successor or heir."

It is asserted by the appellant, and denied by the respondent, that section 2801, relating to "wills," alone is applicable to the case, and that none of the other three sections relating to "succession," defined by the statute to be the taking of "property of one who dies without disposing of it by will," is applicable; and that, in accordance with section 2801, the intention of the testatrix as to "an advancement" to the respondent or an "ademption" of his legacy is "expressed by the testator in writing" in the will itself.   On the contrary, the respondent claims (1) that no such intention is evidenced by the will itself; and (2) when all of the provisions of the statute referred to are considered, such an intention of an advancement or ademption must be evidenced by some writing *dehors* the will, and must be expressed in the gift or grant when made, or otherwise in

writing, charged by the testatrix, or so acknowledged by the respondent, when made.

We find it unnecessary to consider these divergent views, for we think the determination of the question in hand is dependent upon the interpretation and construction to be given the will itself with respect to what was in fact devised and bequeathed to the two contestants, the daughter and son. To determine that, so far as concerns this controversy, we must look to the third clause of the will. As between these two contestants, it was the right and power of the testatrix to will the whole of such "residue" of her property to the one or to the other, or in equal or other proportions, as she saw fit. Had the testatrix recited in her will that she had theretofore given or paid to her son the sum of $2750, and for that reason she by her will bequeathed and devised to him out of the residue of such property that much less than she devised and bequeathed out of it to her daughter, certainly it could not be said that the will could not be given such effect because the testatrix had not, when such money was paid to her son, evidenced such payment by some writing as an advancement, or that the son himself had not then so acknowledged it in writing. So, had she the right and power without any such recitals, and without setting forth reasons therefor, to give to her daughter out of the residue of such property any amount greater or less than was given to her son.

We therefore look to the will to see what she did in such particular. The respondent asserts that by the will the two contestants were given equal proportions without qualifications of any kind in and to the residue of such property. The appellant asserts the contrary. We think, on the face of the will, the contention of the respondent cannot prevail, for it is clear that the testatrix, by the language used by her, "except so far as sums have been or shall be set off against the interest which either would be entitled to under the provisions of this will," etc., intended some sort of set-off against the respective interests of such legatees. If it be assumed that by such

language she meant and intended the sum or sums of money paid by her to one and not to the other, or the excess that the one had received over the other, then was parol evidence admissible to show the amount or amounts thereof. If on the other hand it be assumed that such language is ambiguous and the intention of the testatrix in such particular uncertain when the whole of the will is looked to, then, again, was parol evidence of pertinent facts and circumstances admissible to aid the court in ascertaining and determining the real or actual intention of the testatrix as evidenced by the language so used by her. And it would seem that on the latter, and not the former, theory was such parol evidence admissible.

We think, with the aid of such evidence as was adduced, the intention of the testatrix, by the language so employed by her, is reasonably certain; and that by such language, so aided by the clear and manifest weight of the evidence, it was her intention that sums which had been paid, or other interests given, to either contestant by the testatrix, were to be regarded, if not repaid, as a set-off against, or otherwise to be taken from or out of, their share or interest in an equal division of the "residue of the property" mentioned in the will. Hence we are of the opinion that the trial court erred in striking the evidence. So, too, does it follow that the court erred in the ruling that the contestants were entitled to an equal proportion of the residue of such property. The ruling ought to have been that a sum of $2750, or its equivalent—the amount which was paid to the respondent—should, out of the residue of such property, first be given to the daughter, the petitioner, and the balance of the residue of such property equally divided between the two contestants.

And, so far as concerns the respondent in this controversy, it matters not whether such moneys were paid to him under the circumstances as testified to by his sister and father, that, in the event of his failure to repay it, it was to be taken out of his interest in his mother's estate, or whether it was paid as claimed by him under circum-

stances not of a gift, but of repayment. For, as between him and his sister, the only persons whose interests are here in controversy as to the residue of such property, it matters not to him whether he pay the sum of $2750 into the estate, and then the residue of such property augmented by such sum be equally divided between him and his sister, or whether she out of the residue of the property be first given $2750, or its equivalent, and the balance of such residue then equally divided between them.

The judgment of the court below, therefore, defining the respective rights of the contestants, is reversed, and the cause remanded, with directions to define and adjudge the interest of each as indicated.

There is a further question: The court, after defining the respective interests of the contestants as shown, nevertheless refused to make a distribution. This is also complained of. It is not made to appear upon what ground such refusal was based, nor has counsel pointed out or advised us for what reason the court erred in such particular. All that we are told in such regard is that no one objected to a distribution. Until the contrary is shown, we may assume that the court had good reason for then refusing distribution. It may have been based upon the ground that the interests of the two contestants were subject to the allowances and provisions of the will for the suppost of Pickard, Sr., or subject to or controlled by other trust provisions of the will, or that the estate had not been fully administered. And until some error of the court in such particular is pointed out, we do not feel called upon to search the record to ascertain whether we should now direct, or refuse to direct, a distribution.

So, as to the first question, the judgment is reversed; as to the second, it is affirmed. The taxable costs of the appeal are divided between the contestants, each to pay one-half thereof. Such is the order.

FRICK, C. J., and McCARTY, J., concur.